Filed 4/27/23  In re Z.R. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| In re Z.R., a Person Coming Under the Juvenile Court Law. | B322723 |
| _____ | Los Angeles County Superior Court No. FJ57650 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | |
| v. | |
| Z.R., | |
| Defendant and Appellant. | |

APPEAL from a judgment and order of the Superior Court of Los Angeles County, Christina L. Hill, Judge.  Affirmed.

Courtney M. Selan, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

After reviewing this appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we affirm the disposition and judgment.

A petition under Welfare and Institutions Code section 602 alleged Z.R., then 14 years old, committed attempted murder with malice aforethought (Penal Code, §§ 664 & 187, subd. (a)). The case arose after Z.R. shot an off-duty police officer in the head.

Z.R. pleaded no contest to this count, which the juvenile court found true.

At the contested disposition hearing, Z.R.'s counsel argued Z.R. had "exceptional" educational needs and had been diagnosed with borderline intellectual functioning. Counsel also argued the boy had been amenable to treatment and had made great progress during the year or so he spent detained. The record generally supported this argument, to a point. Then it showed Z.R.'s negative conduct was "escalating rapidly" under supervision.

The victim wrote a statement describing his continued pain and worry after the shooting and requesting "the maximum sentence allowed." He made a similar statement at the hearing.

The probation officer recommended Z.R. be placed in a secure youth treatment facility instead of the "relaxed" program at the Dorothy Kirby Center. The People adopted this recommendation.

Z.R.'s counsel argued against this recommendation and for placement at the Center. Counsel's Disposition Memorandum noted that, per Welfare and Institutions Code section 875, the baseline term for Z.R.'s infraction would be four years.

The juvenile court recognized the Center typically kept people for only six to nine months. The court noted Z.R.'s special needs, gang association, significant substance abuse, unstable childhood, and "reckless, violent behavior" the morning of the shooting, among other things. It concluded Z.R.'s "problems are so deep-seated and long-standing that, I think, it's not reasonable to believe that Dorothy Kirby can provide what he needs in the time that he needs to fix these things." The court rejected other "camp" options as inappropriate and lacking the therapeutic interventions Z.R. needed.

The court ordered Z.R. to a secure youth treatment facility for the baseline term of four years and a maximum confinement period of seven years (the middle term). It reasoned this was Z.R.'s "last best hope to change a lifetime of bad things happening to him" and would give Z.R. the help he needs before going back into society. The court found "a less restrictive, alternative disposition for the youth is unsuitable."

The court awarded 314 days of custody credits.

Z.R. appealed the disposition, and we appointed counsel to represent him. Appointed counsel examined the record and filed an opening brief raising no issues and asking this court to review the record independently under *Wende*. Counsel also advised Z.R. of his right to file a supplemental brief for us to consider. Z.R. did not file a response.

We have examined the entire appellate record. We are satisfied Z.R.'s counsel fully complied with counsel's responsibilities and no arguable issues exist. (See *Wende*, *supra*, 25 Cal.3d at pp. 441–442.)

///

///

3

## DISPOSITION

The judgment and disposition order are affirmed.


WILEY, J.


We concur:


STRATTON, P. J.



VIRAMONTES, J